**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  **v.**            //        **CRIMINAL NO. 1:12CR1**
                                      **(Judge Keeley)**

**HARVEY BREWER and
TASHA SHELEKA SAUNDERS,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANTS' MOTIONS FOR A NEW TRIAL [DKT. NOS. 100, 102]

Pending before the Court are the motions of the defendants, Harvey Brewer ("Brewer") and Tasha Sheleka Saunders ("Saunders"), for a new trial (dkt. nos. 100, 102). For the reasons that follow, the Court **DENIES** the motions.

**I.**

**A.**

On January 4, 2012, the Grand Jury indicted Brewer on one count of escaping from the custody of the satellite camp of Federal Correctional Institution Gilmer in violation of 18 U.S.C. § 751(a). The Grand Jury also indicted Saunders, Brewer's co-defendant, on one count of aiding and abetting escape in violation of 18 U.S.C. §§ 751(a) and 2. On March 22, 2012, subsequent to a joint three-day trial, a petit jury convicted both defendants on the sole count of the Indictment.

USA v. HARVEY BREWER, ET AL.                                  1:12CR1

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANTS' MOTIONS FOR A NEW TRIAL [DKT. NO. 100, 102]

Brewer contends that he is entitled to a new trial under Fed. R. Crim P. 33 because a juror, Jonna Spatafore ("Juror Spatafore"), failed to provide an honest response to one of the Court's questions during voir dire. (Dkt. No. 100). Saunders subsequently filed a brief motion "adopt[ing] by reference . . . the statement of facts and legal argument" made in support of Brewer's motion. (Dkt. No. 102).[1]

**B.**

During jury selection, the Court asked the panel whether "any of you, yourselves, have ever been law enforcement officers or are related to individuals who either currently are or previously have been law enforcement officers in any capacity anywhere, not just here in West Virginia?" (Dkt. No. 88 at 40). At that time, Juror Spatafore did not disclose that her father, who died when she was sixteen, had been a Maryland State Police Officer prior to her birth. Id. at 205-206. Juror Spatafore revealed this information to the Court on March 22, 2012, during an individual voir dire conducted pursuant to an unrelated motion for a mistrial. In the

---

[1] The Court notes that Saunders, without explanation, filed this motion on July 31, 2012, one day after the July 30, 2012 deadline for post-trial motions set by the Court. (Dkt. No. 83).

2

context of the Court's inquiry regarding intra-juror communications, Juror Spatafore explained:

> I mean we were talking about when the jury selection was done – . . . – and how that – because I said – when you were asking all the questions we had to answer or no to [sic] . . . – I said my father was a Maryland State Policeman. He died when I was 16. I didn't feel that was – he was that before I was ever around; I didn't feel that was relevant so I would not – I didn't raise my hand because, you know, and we were talking about how you kind of probably should associate relevance to yourself. To me, when you ask if anybody in your family was a policeman or anything like that and I said, you know, I didn't raise my hand because my father died when I was 16. He was a state policeman before I was born, you know, so to me that – we were talking about that.

Id.

Following this disclosure, the Court asked the defendants if they wished to ask Juror Spatafore any follow up questions, and they declined. Id. at 207. Upon the conclusion of the individual voir dire questioning for the remaining jurors, the Court asked the defendants a second time whether they wished to inquire further of any juror. Id. at 227. Again, both defendants declined. Id. Neither defendant lodged any objection to Juror Spatafore's service prior to filing the pending motions for a new trial.

**II.**

Pursuant to Fed. R. Crim P. 33(a), the Court "may vacate any judgment and grant a new trial if the interest of justice so

3

requires." The decision to grant a new trial is entrusted to the sound discretion of the trial court, United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003), and it "should exercise [this] discretion . . . sparingly." United States v. Chong Lam, 677 F.3d 190, 203 (4th Cir. 2012) (internal quotation marks and citations omitted).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." U.S. Const. amend. VI. Accordingly, a criminal defendant is entitled to "an impartial trier of fact — a jury capable and willing to decide the case solely on the evidence before it." Conaway v. Polk, 453 F.3d 567, 582-83 (4th Cir. 2006) (internal quotation marks and citations omitted). In order to protect that right, a district court "must conduct voir dire in a manner that adequately identifies unqualified or potentially biased jurors." Gardner v. Ozmint, 511 F.3d 420, 424 (4th Cir. 2007) (citing Morgan v. Illinois, 504 U.S. 719, 729-34 (1992)).

A defendant seeking a new trial on the basis of alleged juror dishonesty during voir dire "'must first demonstrate that a juror failed to answer honestly a material question . . . and then further show that a correct response would have provided a valid

4

basis for a challenge for cause.'" Gardner, 511 F.3d at 424 (quoting McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 556 (1984)). A defendant must also show that "the juror's 'motives for concealing information' or the 'reasons that affect [the] juror's impartiality can truly be said to affect the fairness of [the] trial.'" Conaway, 453 F.3d at 558 (alterations in original) (quoting McDonough, 464 U.S. at 556); see also United States v. Blackwell, 436 F. App'x 192, 196 (4th Cir. 2011); McNeill v. Polk, 476 F.3d 206, 224 n.8 (4th Cir. 2007) (King, J., concurring in part). The McDonough "test applies 'equally to deliberate concealment and . . . innocent non-disclosure.'" Gardner, 511 F.3d at 424 (quoting Conner v. Polk, 407 F.3d 198, 205 (4th Cir. 2005)).

**III.**

**A.**

As a threshold matter, the Government contends that the defendants' motions should be denied because they were aware of Juror Spatafore's alleged misconduct prior to the jury reaching a verdict in this case and nevertheless failed to timely raise the issue with the Court. This failure to object, the Government argues, waives the right to argue for a new trial on the basis of Juror Spatafore's partiality.

5

**USA v. HARVEY BREWER, ET AL.**                                    **1:12CR1**

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANTS' MOTIONS FOR A NEW TRIAL [DKT. NO. 100, 102]**

It is undisputed that all parties to this proceeding, including the Court, became aware of Juror Spatafore's inadvertent nondisclosure during the individual voir dire conducted on March 22, 2012, prior to the start of jury deliberations. At that time, neither defendant took any issue with Juror Spatafore's revelation, much less raised the very serious constitutional arguments that are currently pending before the Court. Given that Juror Spatafore disclosed this information prior to deliberations and while an alternate juror remained in service, the Court could have taken a number of curative actions if an objection had been contemporaneously raised.

"Like all constitutional rights, the right to challenge the partiality of a jury verdict based on a juror's alleged misconduct during voir dire may be waived." United States v. Daugerdas --- F.Supp.2d ----, 2012 WL 2149238, *29 (S.D.N.Y. 2012) (collecting cases). Otherwise, defendants could "sandbag the court by remaining silent and gambling on a favorable verdict, knowing that if the verdict went against them, they could always obtain a new trial by later raising the issue of juror misconduct." United States v. Desir, 273 F.3d 39, 43 (1st Cir. 2001); see also United States v. Nance, 502 F.2d 615, 621 (8th Cir. 1974) ("[a] party may not stand idly by, watching the proceedings and allowing the Court to commit

error of which he subsequently complains" (internal quotation marks and citations omitted)).

Similarly, the United States Court of Appeals for the Fourth Circuit has found that a defendant waives his right to a new trial if he knows of alleged juror misconduct prior to the verdict but remains silent. United States v. Breit, 712 F.2d 81, 84 (4th Cir. 1983) ("A defendant who remains silent about known juror misconduct - who, in effect, takes out an insurance policy against an unfavorable verdict - is toying with the court." (citation omitted)); see also Gray v. Hutto, 648 F.2d 210, 212 (4th Cir. 1981) (refusing to permit new trial where counsel deliberately withheld juror misconduct in a "conscious decision" to find out what the jury was going to do). It is the government's burden to prove by a preponderance of the evidence that the defendant knew about the alleged misconduct prior to the verdict. Breit, 712 F.2d at 83.

Here, there is no doubt that the defendants were aware of the alleged juror misconduct giving rise to their claims prior to the verdict in this case. The defendants did not include an explanation for their delay in their motions, nor did they respond to the Government's brief. Preliminarily, then, the Court agrees with the Government that the defendants have likely waived this claim.

**USA v. HARVEY BREWER, ET AL.**                                    **1:12CR1**

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANTS' MOTIONS FOR A NEW TRIAL [DKT. NO. 100, 102]**

Inasmuch as the Court is operating under the wide discretionary rubric of Fed. R. Crim. P. 33, however, it finds it prudent to substantively analyze the defendants' constitutional claim in order to determine whether a new trial is "in the interest of justice." Fed. R. Crim. P. 33; see also United States v. Jennings, 438 F.Supp.2d 637, 642 (E.D. Va. 2006) (Rule 33 "discretion should be exercised where it is demonstrated that the fundamental fairness or integrity of the trial result is substantially in doubt.").

**B.**

Turning to the defendants' substantive claims, the Government concedes that Brewer and Saunders can satisfy the first prong of the McDonough test. Although Juror Spatafore erroneously believed that her deceased father's former employment was irrelevant and omitted this information unintentionally, she did "fail[] to answer" a "material question" during the initial voir dire. McDonough, 464 U.S. at 556. Inasmuch as the McDonough analysis covers "innocent non-disclosure," Gardner, 511 F.3d at 424, and in light of the Government's concession, the Court will assume for the purposes of this analysis that the first part of the McDonough test is satisfied.

The second part of the McDonough test requires the Court to consider whether a correct response from Juror Spatafore would have provided a valid basis for a challenge for cause. 464 U.S. at 556. A McDonough claim "necessarily fails unless the court would have committed reversible error – that is, abused its discretion – in failing to dismiss [the juror] for cause." United States v. Fulks, 454 F.3d 410, 432 (4th Cir. 2006) (citation omitted). A court abuses its discretion in failing to dismiss prospective jurors for cause in "only two situations: (1) where a per se rule of disqualification applies; [or] (2) where the court demonstrates a 'clear disregard for the actual bias of the juror.'" Id. (quoting United States v. Turner, 389 F.3d 111, 115 (4th Cir. 2004)); see also Blackwell, 436 F. App'x at 196.

As a general rule, a district court has "'very broad discretion in deciding whether to excuse a juror for cause.'" Turner, 389 F.3d at 115 (quoting Poynter by Poynter v. Ratcliff, 874 F.2d 219, 222 (4th Cir. 1989)). Per se disqualification rules are "exceptional" and have been adopted "only to disqualify jurors whose circumstances, such as a financial interest in the trial's outcome, show a clear likelihood of prejudice." Ratcliff, 874 F.2d at 222. The Fourth Circuit has adopted no per se rule of disqualification for prospective jurors who have consanguineal

9

relationships with employees of law enforcement agencies. <u>Cf.</u> <u>United States v. LaRouche</u>, 896 F.2d 815, 830 (4th Cir. 1990) (citing with approval cases "refus[ing] to establish a <u>per</u> <u>se</u> rule excluding any person who has had an association with an investigatory agency").

As no <u>per</u> <u>se</u> disqualification rule is applicable here, the Court looks to whether, had Juror Spatafore fully and accurately responded to the Court's <u>voir</u> <u>dire</u>, her answer "'would have provided a valid basis for a challenge for cause,' under the applicable federal constitutional principles." <u>Conaway</u>, 453 F.3d at 586 (quoting <u>McDonough</u>, 464 U.S. at 556). As a general rule, "a challenge for cause is granted only in the case of actual bias or implied bias." <u>Jones v. Cooper</u>, 311 F.3d 306, 313 (4th Cir. 2002) (citation omitted); <u>see also</u> <u>United States v. Wood</u>, 299 U.S. 123, 133 (1936) ("bias . . . may be actual or implied; that is, it may be bias in fact or bias conclusively presumed as matter of law"). "Implied bias" is a limited concept, and arises only in "extreme situations" in which it is "highly unlikely that the average person could remain impartial in his deliberations." <u>Person v. Miller</u>, 854 F.2d 656, 664 (4th Cir. 1988).

The full extent of the defendants' argument in this regard is as follows:

10

> Defendant believes that Ms. Spatafore was not impartial: she failed to answer a question honestly because she did not think that her response was 'relevant,' and the honest answer to a question about her relationship with individuals in law enforcement would have resulted in her removal from the venire pool for cause. The omission of this information resulted in an unfair trial for Defendant, and the Court should grant Defendant a new trial with an impartial jury as required by the Constitution.

(Dkt. No. 100 at 3). As the Government points out, however, five prospective jurors in this case indicated during voir dire that they had relatives serving in law enforcement, and the Court did not automatically strike any of them for cause. See generally United States v. Capers, 61 F.3d 1100, 1105 (4th Cir. 1995) (relevant inquiry in challenge for cause is whether the juror can "be fair and impartial and decide the case on the facts and law presented"). Instead, the Court asked those veniremen individual follow-up questions concerning their fairness and impartiality – questions, the Court notes, substantially similar to the group questions repeatedly affirmed by Juror Spatafore. See, e.g., (Dkt. No. 88 at 65-71, 74, 84-85, 101-102, 201-202).

Here, the defendants have failed to demonstrate the existence of any actual bias. Moreover, the mere fact that Juror Spatafore once had a family member in law enforcement is plainly not one of the "extreme situation[s]" in which bias may be implied. Person,

11

854 F.2d at 664. The defendants' conclusory arguments notwithstanding, the Court finds that Juror Spatafore's disclosure of the law enforcement position her father had held before her birth would not, standing alone, have "provided a valid basis for a challenge for cause" in this case. McDonough, 464 U.S. at 556; see also United States v. Fulks, 2004 WL 5042206, at *5 (D.S.C. Dec. 23, 2004), aff'd, 454 F.3d at 427; Jones, 311 F.3d at 313 (no relief under McDonough where "even truthful answers to the questions on the questionnaire could not have formed the basis for a challenge for cause"). As such, the Court finds that the defendants cannot satisfy the second prong of McDonough,[2] and are thus not entitled to a new trial.

---

[2] The Court recognizes that the McDonough test "is not the exclusive test for determining whether a new trial is warranted" in the context of alleged juror partiality. Jones, 311 F.3d at 310; see also United States v. Lecco, 634 F.Supp.2d 633, 658 (S.D. W. Va. 2009) ("'Failure to satisfy the requirements of McDonough does not end the court's inquiry, however, when the petitioner also asserts a general Sixth Amendment claim challenging the partiality of a juror based upon additional circumstances occurring outside the voir dire.'" (quoting Fitzgerald v. Greene, 150 F.3d 357, 362-63 (4th Cir. 1998)). Under a general Sixth Amendment analysis, "regardless of whether the juror was truthful or deceitful," a showing of actual or implied bias "can also entitle a defendant to a new trial." Jones, 311 F.3d at 310. Here, however, the defendants did not make a general Sixth Amendment claim, and the Court's analysis can end with McDonough. In any event, as discussed above, they cannot plausibly establish the existence of actual or implied bias.

**IV.**

For the reasons discussed, the Court **DENIES** the defendants' motions for a new trial (dkt. nos. 100, 102).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

DATED: October 5, 2012.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE